# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

                              Plaintiff,

v.

CREE HOWARD,

                              Defendant.

Case No. 26-CV-321-JPS

**ORDER**

## 1.    INTRODUCTION

Plaintiff Travelers Property Casualty Company of America ("Plaintiff") insured a property at 20240 West Wisconsin Avenue in Milwaukee, Wisconsin (the "Property"). ECF No. 1 at 2. While present at the Property, Defendant Cree Howard ("Defendant") allegedly caused a fire, damaging the Property. *Id.* Plaintiff paid its insured for this damage and now, in this subrogation action, seeks to recover these payments from Defendant. *Id.* at 2–3.

Plaintiff now seeks leave to conduct discovery prior to the parties' Federal Rule of Civil Procedure 26 conference. ECF No. 5. The requested discovery takes two forms, which the Court details further below. Plaintiff has shown good cause for each of its two requests, and its motion will be granted.

## 2.    LEGAL STANDARD

"A party may not seek discovery from any source before the parties have conferred as required by [Federal] Rule [of Civil Procedure] 26(f),

except . . . when authorized . . . by court order." FED. R. CIV. P. 26(d)(1). The prevailing view in this Circuit is that a party who moves for pre-Rule 26(f) conference discovery must demonstrate "good cause for the request." *Kohler Co. v. Nulka Grp. Storefront on www.amazon.com*, No. 23-CV-0372-BHL, 2023 WL 2919831, at *1 (E.D. Wis. Mar. 23, 2023) (quoting *Dallas Buyers Club, LLC v. Does 1-26*, No. 14-C-360, 2014 WL 1612251, at *1 (E.D. Wis. Apr. 22, 2014)); *see also Wuluvarana v. Does*, No. 22-CV-982-PP, 2023 WL 183874, at *3 (E.D. Wis. Jan. 13, 2023) (same) (citing *S. USA Life Ins. Co. v. Lemmen*, No. 22-cv-263-PPS-JEM, 2022 WL 13743828, at *1 (N.D. Ind. Oct. 20, 2022); *Iglesias v. Fed. Bureau of Prisons*, No. 19-cv-415-NJR, 2021 WL 4820429, *1 (S.D. Ill. Oct. 15, 2021); and *Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.*, No. 1:17-cv-00949-LJM-DML, 2017 WL 11573559, at *1 (S.D. Ind. May 11, 2017)). To assess whether the movant has shown good cause, courts "generally evaluate 'the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Kohler Co.*, 2023 WL 2919831, at *1 (quoting *Dallas Buyers Club, LLC*, 2014 WL 1612251, at *1); *see also Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." (quoting *Hard Drive Prods., Inc. v. Doe*, No. CIV. S-11-3074 KJM, 2012 WL 90412, at *1 (E.D. Cal. Jan. 11, 2012)).

3. **ANALYSIS**

### 3.1 Request to Subpoena Syracuse University

Plaintiff filed the complaint on February 25, 2026, ECF No. 1, so the deadline for service expires on May 26, 2026, *see* FED. R. CIV. P. 4(m). Plaintiff has unsuccessfully attempted service on Defendant at her parents' home in

Nebraska. ECF No. 5 at 1; ECF No. 6 at 1. Plaintiff therefore seeks to subpoena a third party, Syracuse University, where Plaintiff believes Defendant is enrolled as a graduate student, to obtain information that may facilitate service on Defendant. ECF No. 5 at 1, 3; ECF No. 6 at 1. The Court will grant this request.

Plaintiff asserts, and the Court accepts, that the information sought is unavailable through other means at this juncture, which supports granting Plaintiff's request. ECF No. 5 at 3; *see Kohler Co.*, 2023 WL 2919831, at *2 (granting motion to serve subpoena prior to Rule 26(f) conference because "[t]his case cannot move forward unless the defendants' true identities are ascertained, and a subpoena appears to be the only means by which this might be accomplished" (citing *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 555 (N.D. Ill. Sept. 28, 2011) and *Malibu Media, LLC v. Doe*, No. 13-CV-545, 2013 WL 2632691, at *1 (E.D. Wis. June 12, 2013)). Further, this subpoena is limited in scope and seeks concrete information to permit Plaintiff to fulfill service requirements; Plaintiff does not seek to gain information related to the merits of this case. In short, the information sought would not prejudice Defendant. *See Hard Drive Prods., Inc.*, 283 F.R.D. at 410 (citation omitted).

For all these reasons, the Court finds that the request is reasonable under present circumstances. *Kohler Co.*, 2023 WL 2919831, at *1 (citation omitted). Plaintiff may serve a third-party subpoena on Syracuse University to obtain Defendant's contact information, including her current physical address.

At this time, the current Rule 4(m) deadline remains in place; if Plaintiff wishes to request more time to effectuate service, it must seek that relief by appropriate motion.

### 3.2 Request to Subpoena Defendant's Parents

Plaintiff additionally "believes that [Defendant] would have been insured under her parents' homeowners insurance policy at the time of this incident" and that "[t]hat insurer could provide coverage for this fire," but indicates that Defendants' parents "did not cooperate with [Plaintiff's] pre-suit inquiries as to their homeowners[' insurance] carrier." ECF No. 5 at 2–3 (citing *Seichter v. McDonald*, 599 N.W.2d 71 (Wis. Ct. App. 1999)); ECF No. 6 at 2. Accordingly, Plaintiff also seeks to subpoena Defendant's parents to obtain the identity of Defendant's homeowners' insurer at the time of the incident, potentially to add the insurer as a party in this action. ECF No. 5 at 3–4 (citing WIS. STAT. § 632.24). The Court will also grant this request.

The information sought is not available by other means but would be relevant to this case, as it would tend to reveal whether an insurer may be responsible for any judgment issued against Defendant, and accordingly should be named in an amended pleading. Defendant will not be prejudiced, at this stage, by the identification of her parents' homeowners' insurance carrier, because (1) whether she is in fact covered under her parents' homeowners' insurance policy is a question of fact that is reserved for later determination in this case, *see Seichter*, 599 N.W.2d at 74, and (2) coverage will determine her responsibility, if any, for any judgment issued against her (which could prove advantageous to Defendant). Although this request goes more to the merits of the case than Plaintiff's first request, the information Plaintiff seeks will help advance and streamline the litigation. The Court finds that Plaintiff's request is reasonable and appropriate in view of "the record to date." *Kohler Co.*, 2023 WL 2919831, at *1 (citation omitted),

For all these reasons, the Court will permit Plaintiff to serve a third-party subpoena or equivalent discovery device on Defendant's parents to obtain information related to the identity of their homeowners' insurance carrier at the time of the incident described in the complaint. If Plaintiff wishes to amend the complaint based on the information it receives in response, it must do so by appropriate motion.

**4.      CONCLUSION**

For these reasons, Plaintiff's motion for leave to conduct discovery prior to the parties' Federal Rule of Civil Procedure 26 conference, ECF No. 5, will be granted. Plaintiff may serve the third-party subpoenas indicated herein and, based on the results of those subpoenas, may seek further relief as necessary to advance this litigation.

Accordingly,

**IT IS ORDERED** that Plaintiff Travelers Property Casualty Company of America motion for leave to conduct discovery prior to a Federal Rule of Civil Procedure 26(f) conference, ECF No. 5, be and the same is hereby **GRANTED** as stated herein; and

**IT IS FURTHER ORDERED** that Plaintiff may serve third-party subpoenas or equivalent discovery devices on Syracuse University and on Defendant Cree Howard's parents to seek the information indicated herein.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge